DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------x
MR. PRINCE DIVINE MESSIAH MUHAMMAD,

Plaintiff,

-against-

**TRANSFER ORDER**

10-CV-5810 (KAM)(LB)

STEVE RABINOWITZ, L.C.S.W; RICHARD
MIRAGLIA; STUART M. KIRSCHNER, Ph.D;
CHARLES SMITH; and PAUL AMBLE,

Defendants.
------------------------------------------------------------x

**MATSUMOTO, United States District Judge:**

On December 10, 2010, plaintiff Prince Divine Messiah Muhammad brought this *pro se* action against the Executive Director at Kirby Forensic Psychiatric Center ("Kirby") and other defendants. Pursuant to the venue provision governing federal question jurisdiction, this action must be filed in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred or where any defendant resides, if all defendants reside in the same state. See 28 U.S.C. § 1391(b).

The complaint alleges that the actions giving rise to plaintiff's claim arose at Kirby, and thus the events or omissions giving rise to the claim occurred in the Southern District of New York. Accordingly, venue is proper in the United States District Court for the Southern District of New York, which has jurisdiction over federal claims arising in New York County. See 28 U.S.C. § 112(b) (New York County is located within the Southern District of New York). Although venue could still properly lie in the Eastern District of New York if any of the defendants resides in the Eastern District of New York and all defendants reside in the State of New York, the complaint provides no information about any of the defendant's residence. (See

Complaint.) Most of the defendants listed in the complaint are employed at Kirby, which is located on Wards Island in New York County. At least one defendant, Richard Miraglia, is employed at the Division of Forensic Services located in Albany County. Because the residence of the defendants is not specified, it is unclear whether venue is proper in the Eastern District of New York.

Even if venue were proper in the Eastern District of New York, the court may still transfer this action pursuant to 28 U.S.C. § 1404(a). That section provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As explained above, the events or omissions alleged in the complaint all occurred at Kirby, located in the Southern District of New York. (See Complaint.) Further, a transfer to the Southern District of New York would promote convenience of the parties and witnesses and would be in the interest of justice. See Solar v. Annetts, 707 F. Supp. 2d 437, 442 (S.D.N.Y. 2010) (noting the factors to consider before a transfer pursuant to 28 U.S.C. § 1404(a)). Plaintiff allegedly is a patient at Kirby, his records regarding his treatment are presumably at Kirby, the defendants are or were all employed by or affiliated with Kirby, and the witnesses are likely to be employees or patients at Kirby as well. (See Complaint.) Moreover, other cases concerning Kirby have previously been litigated in the Southern District of New York, where venue is proper. See, e.g., Miller v. Carpinello, 2007 WL 4207282, 06-cv-12940 (S.D.N.Y. Nov. 20, 2007); Francis S. v. Stone, 995 F. Supp. 368 (S.D.N.Y. 1998). Finally, plaintiff's prior action against some of the same defendants was previously transferred to that court. See Muhammad v. Rabinowitz, et al., 09-cv-5223 (E.D.N.Y. Feb. 1, 2010) (granting defendants' motion to change

venue).

For these reasons, this case is hereby transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). A decision on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee court. This Court offers no opinion on the merits of plaintiff's claims. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. Summonses shall not issue from this Court. The Clerk of the Court is respectfully directed to serve a copy of this Order on *pro se* plaintiff.

SO ORDERED.

/S/
_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
December 17, 2010